J-S16022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: W.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: H.Y., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1196 MDA 2021 |

Appeal from the Order Entered August 11, 2021,
in the Court of Common Pleas of Adams County,
Juvenile Division at No(s):  CP-01-DP-0000040-2019.

| | | |
|---|---|---|
| IN THE INTEREST OF: A.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: H.Y., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1197 MDA 2021 |

Appeal from the Order Entered August 11, 2021,
in the Court of Common Pleas of Adams County,
Juvenile Division at No(s):  CP-01-DP-0000056-2018.

| | | |
|---|---|---|
| IN THE INTEREST OF: P.K., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: H.Y., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1198 MDA 2021 |

J-S16022-22

Appeal from the Order Entered August 11, 2021,
in the Court of Common Pleas of Adams County,
Juvenile Division at No(s): CP-01-DP-0000057-2018.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: FILED: AUGUST 5, 2022

In these consolidated matters, H.Y.(Mother) appeals the orders of the dependency court, which determined that the Adams County Children and Youth Agency made reasonable efforts to reunify Mother with her three Children: 4-year-old daughter, A.J.K; 3-year-old son, P.L.K.; and 2-year-old son, W.A.K. Mother also appeals the dependency court's decision to change the goal of the dependency proceedings from reunification to adoption.[1,2] After careful review, we dismiss this appeal as moot.

The relevant factual and procedural history has been set forth in Mother's companion case. Briefly, we note that the older two Children were adjudicated dependent in November 2018; W.A.K., who was born in August

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mother also appeals the orphans' court decision to terminate her parental rights pursuant to the Adoption Act. *See* 23 Pa.C.S.A. § 2511(a)(5), (8) and (b). Those consolidated appeals are separately listed before this panel. *See* 319, 320, 321 MDA 2022. We affirmed the decrees terminating Mother's rights.

[2] The court also terminated the rights of A.S.K. (Father). He similarly appeals the court's termination and goal-change orders. Those appeals are separately listed before this panel, as well. *See* 1155, 1156, 1157, 1199, 1200, 1201 MDA 2021. We affirmed the decrees terminating Father's rights. We also dismissed the goal-change orders as moot.

- 2 -

2019, was adjudicate dependent in December 2019. Ultimately, the lower court granted the Agency's petitions to terminate Mother's rights under 23 Pa.C.S.A. § 2511(a)(5), (8) and (b). The court also changed the goal of the dependency proceedings from reunification to adoption.

Mother timely-filed this appeal, and she presents the following issues for our review:

1. Did the dependency court err in determining that the Agency had pursued reasonable efforts to finalize the permanency plan in effect and that the permanency goal be changed to adoption?

2. Did the trial court err in changing the goal of the dependency proceedings from reunification to adoption, as Mother consistently complied with the requests of the Agency?

Mother's Brief at 7 (cleaned up).

In her first issue, Mother nominally claims that the Agency did not make reasonable efforts to help her reunify with the Children. But upon review, Mother's larger argument is that she substantially complied with the Agency's service plan. **See** Mother's Brief at 21. Mother concludes that she should be permitted to have additional time to accomplish her goals, and that we should reverse the order changing the goal to adoption. Given Mother's argument, and in light of our decision to affirm the termination decrees, we must find that her appeal is moot. **See Interest of D.R.-W.**, 227 A.3d 905, 917 (Pa. Super. 2020) (citing **In re D.A.**, 801 A.2d 614, 616 (Pa. Super. 2002) ("An

issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.")).

While agencies must provide reasonable efforts to enable parents to work toward reunification with their dependent children, the remedy for an agency's failure to provide services is not to punish the child by denying termination; instead, the remedy is to conclude on the record that the agency has failed to make reasonable efforts, which imposes a financial penalty on the agency. *See In re D.C.D.*, 105 A.3d 662, 675-76 (Pa. 2014).[3]

But even if we reached the merits of this issue, we would conclude that the Agency made reasonable efforts. The record plainly shows that the Agency offered numerous services to assist Mother with achieving reunification. That Mother did not achieve reunification through these services does not mean that the Agency failed her.

_____

[3] We note that the Legislature included consideration of the reasonable services available to the parent in regard to termination under Section 2511(a)(5) (providing for consideration of whether "the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time"). *D.C.D.*, 105 A.3d at 672-73.

However, Section 2511(a)(8) does not include such a consideration. *In re K.Z.S.*, 946 A.2d 753, 759 (Pa. Super. 2008) (citation omitted) (holding that termination under Section 2511(a)(8) does not require the court to evaluate the availability or efficacy of the services provided by the local children and youth agency.)

In Mother's separately listed appeal, we concluded that the orphans' court did not abuse its discretion when it terminated Mother's rights under Section 2511(a)(8).

Mother's allegation that the dependency court erred when it changed the goal of the dependency proceedings from reunification to adoption is similarly moot. *See id.*

Even accepting for the sake of argument that Mother's goal-change claim is not moot, we would conclude it merits no relief. We review goal-change orders pursuant to an abuse-of-discretion standard of review. *D.R.-W.*, 227 A.3d at 917 (citing *In re R.J.T.*, 9 A.3d 1179, 1190 (Pa. 2010)). As such, we must accept the court's findings of fact and credibility determinations if the record supports them, but we need not accept the court's inferences or conclusions of law. *Id.*

The Juvenile Act governs proceedings to change a child's permanent placement goal. 42 Pa.C.S. §§ 6301-6375. Dependency courts must apply the following analysis:

> Pursuant to [42 Pa.C.S.] § 6351(f) of the Juvenile Act, when considering a petition for a goal change for a dependent child, the court is to consider, *inter alia*: (1) the continuing necessity for and appropriateness of the placement; (2) the extent of compliance with the family service plan; (3) the extent of progress made towards alleviating the circumstances which necessitated the original placement; (4) the appropriateness and feasibility of the current placement goal for the children; (5) a likely date by which the goal for the child might be achieved; (6) the child's safety; and (7) whether the child has been in placement for at least fifteen of the last twenty-two months. The best interests of the child, and not the interests of the parent, must guide the court. As this Court has held, a child's life simply cannot be put on hold in the hope that the parent will summon the ability to handle the responsibilities of parenting.

- 5 -

*In re A.B.*, 19 A.3d 1084, 1088-1089 (Pa. Super. 2011) (citations and quotation marks omitted).

Instantly, the Children needed placement, and the foster family is appropriate. Though Mother had complied with various aspects of the family service plan, she had failed to make sufficient progress toward alleviating the conditions that led to the Children's removal – namely, she failed to alleviate the safety risks to the Children caused by her mental health issues, her lack of parenting ability, and the ongoing domestic violence issues with Father. At the time of the court's order, the reunification goal was no longer appropriate or feasible. Given Mother's lack of progress toward her service plan, the dependency court did not believe Mother could obtain reunification in the foreseeable future. The Children's safety was still at risk, evinced by Mother's pending criminal charges resulting from two unexplained injuries to P.L.K. while in her care. All the while, the Children had been in placement for the requisite statutory timeframe. Once the court terminated Mother's rights, it was in the Children's best interests for goals of the respective dependency cases to be changed to adoption.

In sum, even if we reached the merits of these issues, we would conclude that they are without merit. The Agency made reasonable efforts. The court did not abuse its discretion when it changed the goals from reunification to adoption.

Appeals dismissed.

Judge Colins joins the Memorandum.

President Judge Panella concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/05/2022